

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Texas Unemployment Compensation Commission
Brown Building
Austin 19, Texas

Attention: Mr. Tom Bullock Hyder

Dear Sir:                                  Opinion No. O-7404

Re: Does the Texas Unemployment
Compensation Act give the
Texas Unemployment Compensa-
tion Commission the authority
to submit a plan and adminis-
ter a State Employment Service
in accordance with the Act of
June 6, 1933 (48 STAT 113) as
amended? And related questions.

On September 6, 1946, you requested the opinion of
this department on various inquiries relative to the Texas
Unemployment Compensation Commission administering an employ-
ment service in accordance and in compliance with several
federal acts. This request is made, as stated in your letter,
with reference to the recent federal enactment returning to
the states the employment service loan by the states to the
federal government on January 1, 1942, and that as a prerequis-
ite to this return, the opinion of this department on the fol-
lowing questions is necessary:

"1. Does the Texas Unemployment Compensation
Act give the Texas Unemployment Compensation Com-
mission the authority to submit a plan and adminis-
ter a State Employment Service in accordance with
the Act of June 6, 1933 (48 STAT 113) as amended?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"2. Does the Texas Unemployment Compensation Act give the Texas Unemployment Compensation Commission the authority to submit a plan and administer a State Employment Service which would comply with the requirements of the Servicemen's Readjustment Act of 1944, as amended?

"3. Does the Texas Unemployment Compensation Act give the Texas Unemployment Compensation Commission the authority to operate a State Employment Service as contemplated in the Labor-Federal Security Appropriation Bill, 1947?

The Congress of the United States created a United States Employment Service in order "to promote and develop a national system of employment offices for men, women, and juniors who are legally qualified to engage in gainful occupations, to maintain a veterans' service to be devoted to securing employment for veterans, to maintain a farm placement service, to maintain a public employment service for the District of Columbia, and, in the manner provided in sections 49c, 49d, 49e--49k of this title, to assist in establishing and maintaining systems of public employment offices in the several States and the political subdivisions thereof in which there shall be located a veterans' employment service. The bureau shall also assist in coordinating the public employment offices throughout the country and in increasing their usefulness by developing and prescribing minimum standards of efficiency, assisting them in meeting problems peculiar to their localities, promoting uniformity in their administrative and statistical procedure, furnishing and publishing information as to opportunities for employment and other information of value in the operation of the system, and maintaining a system for clearing labor between the several States." 29 USCA 49b (48 STAT 114).

The primary purpose of establishing such a bureau was to organize and put into effect a uniform system of employment service throughout the United States. This service was to be operated by the various states with assistance, financial and otherwise, from the federal government. In order to obtain this assistance or benefit as it is called in the Act, each state was required through its legislature to accept

Texas Unemployment Compensation Commission, Page 3

the provisions and conditions of this Act and each state was to designate the state agency to cooperate with the United States Employment Service. Furthermore, each state was required to submit a plan in connection with receiving this assistance.

The State of Texas accepted these provisions and conditions contained in 48 STAT 113 in 1936 by an act codified by Vernon's as Article 5221b-10. We quote from a part thereof as follows:

"Texas State Employme.t Service, as provided for under Act of the Forty-fourth Legislature, Regular Session, Chapter 236, page 552, is hereby transferred to the Commission as a division thereof. The Commission, through such division, shall establish and maintain free public employment offices in such number and in such places as may be necessary for the proper administration of this Act, and for purposes of performing such duties as are within the purview of the Act of Congress entitled 'An Act to provide for the establishment of a national employment system and for cooperation with the States in the promotion of such system and for other purposes,' approved June 6, 1933, (48 Stat. 113; U. S. C., Title 29, Section 49 (e)), as amended. It shall be the duty of the Commission to cooperate with any official or agency of the United States having powers or duties under the provisions of the said Act of Congress, as amended, and to do and perform all things necessary to secure to this State the benefits of the said act of Congress, as amended, in the promotion and maintenance of a system of public employment offices. The provisions of the said Act of Congress, as amended, are hereby accepted by this State in conformity with Section 4 of said Act, and this State will observe and comply with the requirements thereof. The Texas Unemployment Compensation Commission is hereby designated and constituted the agency of this State for the purposes of said Act. The Director, other officers and employees of the Texas State Employment Service shall be appointed by the Commission in accordance with regulations prescribed by the Director of the United States Employment Service." (Emphasis added).

Texas Unemployment Compensation Commission, Page 4

It will be noted from the foregoing that the Texas Legislature to the fullest extent accepted the provisions and conditions set forth in the federal act and designated the Texas Unemployment Compensation Commission as the agency to operate the employment service in Texas and as the agency to cooperate with the United States Employment Service in every respect. The answer, therefore, to your first question is that the Texas Unemployment Compensation Commission can administer an employment service in accordance with the provisions of the Act of June 6, 1933 (48 STAT 113) and can submit a plan to the proper federal agency in connection therewith.

Since the creation of the United States Employment Service, the functions of this bureau have been consolidated at different times with the duties of various departments of the federal government. Such functions were under the supervision of the Chairman of the War Manpower Commission from September, 1942, to its dissolution in 1946.

It was during the time that the functions of the United States Employment Service was under the supervision of the War Manpower Commission that the Congress of the United States in 1944 enacted what is known as the Servicemen's Readjustment Act. (29 USCA Sec. 693). The employment service feature of this Act was administered by a board assisting the United States Employment Service. The duties assigned under this Act corresponded with those of the Act of June 6, 1933, with the exceptions that it pertained particularly to veterans, (29 USCA Sec. 695a). In other words, the functions of the United States Employment Service was broadened so as to deal specifically with veterans.

Upon the dissolution of the War Manpower Commission, the functions of the United States Employment Service was transferred to the Department of Labor, and it is through this department that the federal government is returning the employment service to the states. The Labor-Federal Security Appropriation Bill, 1947, which provides for the return of this service to the states provides in part as follows:

"For grants to the several States (including Alaska and Hawaii), beginning November 16, 1946, in accordance with the provisions of the Act of June 6, 1933, as amended (29 U.S.C. 49-491), and for

carrying into effect section 602 of the Servicemen's Readjustment Act of 1944, including, upon the request of any State, the payment of rental for space made available to such State in lieu of grants for such purpose, $42,823,125, of which $360,625 shall be available to the United States Employment Service for all necessary expenses, including personal services, in connection with the operation of employment office facilities and services in the District of Columbia: Provided, That no State shall be required to make any appropriation as provided in section 5 (a) of said Act of June 6, 1933, as amended, prior to July 1, 1948: Provided further, That notwithstanding the provisions of section 5 (a) and section 6 of the Act of June 6, 1933, as amended, the Secretary of Labor shall from time to time certify to the Secretary of the Treasury for payment to each State found to be in compliance with the requirements of the Act of June 6, 1933, as amended, such amounts as he determines to be necessary for the proper and efficient administration of its public employment offices.

"On November 15, 1946, the Secretary of Labor shall transfer, to the State agency in each State designated under section 4 of the Act of Congress approved June 6, 1933, as amended, as the agency to administer the State-wide system of public employment offices in cooperation with the United States Employment Service under said Act, the operation of State and local public employment office facilities and properties which were transferred by such State to the Federal Government in 1942 to promote the national war effort. . . ." (Emphasis added).

It will be noted from reading the above quotation, with particular notice to the emphasis supplied, that the conditions upon which this employment service is to be returned are primarily those set forth in the Act of June 6, 1933. As heretofore mentioned, the Texas Unemployment Compensation

Commission has been especially designated to cooperate with the federal government in this respect. Section 602 of the Servicemen's Readjustment Act of 1944 provides that certain employees on the staff of the local employment service should primarily devote their services to the duties prescribed in the Act. This is merely requiring the local employment service to have some of its employees to "specialize" in aiding veterans. This is certainly not repugnant to any authority given the Texas Unemployment Compensation Commission in operating an employment service. We have found nothing in these federal acts would prevent the Texas Unemployment Compensation Commission from submitting plans and administering an employment service in accordance with the provisions of the acts mentioned in your second and third questions. We therefore answer these questions in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Robert O. Koch
Assistant

ROK:ms

